# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SUSan M. BASS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE,[1] )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | 1:06CV591 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Susan M. Bass seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on May 19, 2006, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### The Claimant

Plaintiff was born on February 26, 1969, and was 33 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work experience as a cook, bookkeeper, convenience store cashier and component board assembler. Plaintiff alleges disability as of May 9, 2002 (amended) due to lower back pain and pain and swelling in her legs.

### The Administrative Proceedings

Plaintiff filed an application for Disability Insurance Benefits and SSI on July 12, 2002, alleging disability as of June 2, 2001, due to lower back pain and pain and swelling in her legs. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on April 26, 2004 before ALJ D. Randall Frye in Charlotte, North Carolina, and a decision denying benefits was issued on June 8, 2004. Plaintiff filed a request for review, and on March 18, 2005, the Appeals Council granted review of the ALJ's decision. The Appeals Council vacated the hearing decision and remanded the case back to the ALJ for further proceedings. A second hearing was held before ALJ Frye on May 19, 2005, during which Plaintiff amended her onset date of disability to May 9, 2002. A second decision denying benefits was issued on July 12, 2005. Plaintiff again filed a request for review, and on May 19, 2006, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff thereafter filed a request for judicial review.

The July 12, 2005 findings of the ALJ relevant to this review include the following:

1. Plaintiff filed Disability Income Benefits and SSI applications on July 12, 2002. Her insured status expired on June 30, 2002.

2. Plaintiff has not engaged in substantial gainful activity since her onset date of disability.

3. Plaintiff's lumbar degenerative disk disease, morbid obesity and anxiety/depression are "severe" impairments, but these impairments do not meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

4. Plaintiff's testimony regarding the severity of her impairments and resulting functional limitations was not persuasive.

5. Plaintiff has the residual functional capacity to perform light work which involves simple, routine, repetitive tasks in a low stress environment with no production-based pay scale, working with things rather than people, a sit/stand at will option, no more than occasional bending, stooping or squatting, no climbing, and no work around hazardous equipment or heights.

6. Plaintiff is unable to perform the exertional and/or mental requirements of her past relevant work.

7-8. Plaintiff is 36 years old and has a high school education. Based on Plaintiff's age, education and work experience, 20 C.F.R. § 416.969 (2007) and

Medical-Vocational Rule 202.20, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

9. Even if Plaintiff's non-exertional limitations do not allow her to perform the full range of light work, Rule 202.20 and the credible testimony of a vocational expert ("VE") warrant a finding that there are a significant number of jobs in the national economy which Plaintiff can perform.

10. Plaintiff is not under a disability as defined by the Social Security Act at any time through May 19, 2006, the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat

less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2007). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on May 9, 2002, her amended alleged onset date of disability, and continued to meet them through June 30, 2002. At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. Proceeding to step two, the ALJ found that Plaintiff suffers from lumbar degenerative disk disease, morbid obesity and anxiety/depression, impairments that are severe within the meaning of 20 C.F.R. §§ 404.1520(c), 416.920(c)(2007). The ALJ

-5-

proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4. The ALJ concluded his evaluation at steps four and five, finding that Plaintiff has the residual functional capacity to perform light work which involves simple, routine, repetitive tasks in a low stress environment with no production-based pay scale, working with things rather than people, with an at-will sit/stand option, no more than occasional bending, stooping or squatting, no climbing, and no work around hazardous equipment or heights. The ALJ therefore concluded that Plaintiff is not capable of returning to her past relevant work. Based on Plaintiff's exertional capacity for a limited range of light work and her age, education and work experience, the ALJ found that Rule 202.20, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 , in conjunction with the testimony of a VE, warrants a finding of "not disabled."

In this action for judicial review, Plaintiff argues that the ALJ erred by failing to comply with the Appeals Council's March 18, 2005 remand order. (Pleading No. 11, Pl.'s Br. Supp. Mot. for Summ. J. at 3.) Specifically, Plaintiff argues that the ALJ failed to follow the Appeals Council's directives to provide rationale supporting his evaluation of the severity of Plaintiff's mental impairments, to reconcile Plaintiff's need for an at-will sit/stand option with her ability to perform unskilled work, and to consider the effects of Plaintiff's obesity on her residual functional capacity. (*Id.* at 6-8.)

As the Court has stated, the scope of its review is limited solely to whether the Commissioner has applied the correct legal standards and whether his findings are supported by substantial evidence. *Hays*, 907 F.2d at 1456. The Court does not review internal, agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order.[2]

In any event, it is clear that the ALJ properly assessed the severity of Plaintiff's mental impairment and provided appropriate rationale in support of his assessment, in accordance with 20 C.F.R. §§ 404.1520a and 416.920a(2007). The regulations provide that the ALJ must evaluate Plaintiff's pertinent symptoms, signs and medical findings to determine whether Plaintiff has a medically determinable mental impairment. If so, the ALJ must then determine whether the impairment is severe by rating the limitation which results from the impairment in four functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d). The ALJ explicitly addressed these areas of functional limitations and concluded that as a result of Plaintiff's depression, she has mild restrictions on daily living, mild difficulty in maintaining social functioning, no deficiencies of concentration, persistence or pace, and no reported episodes of decompensation. (Tr. at 20.)

---

[2] The Court notes that the Appeals Council, by determining that there was no basis for review of the ALJ's July 2005 decision, implicitly found that the ALJ complied with its remand order.

Moreover, the ALJ discussed the evidence relevant to his findings concerning Plaintiff's mental impairment. The ALJ noted that Plaintiff sought treatment at the Behavioral Health Center in September 2002, complaining of anxiety, loss of appetite, decreased sleep and poor focus. (Tr. at 20, 189.) Her mood was anxious and her affect was flat, but her thought processes were normal, she had no hallucinations, she was oriented to person, place, time and situation, and her memory was intact. (*Id.* at 190.) Plaintiff was diagnosed with major depression and placed on medication. (*Id.* at 192.)

As the ALJ also noted, Plaintiff returned to the Behavioral Health Center the following month. (*Id.* at 20.) She was evaluated by a psychiatrist who diagnosed her with generalized anxiety disorder, dependent personality disorder and post-traumatic stress disorder and recommended twice-weekly individual psychotherapy sessions. (*Id.* at 198.) Yet despite Plaintiff's complaints of severe mental symptoms and the recommendation of the psychiatrist, there is no record that she attended any therapy sessions, a fact also considered by the ALJ. (*Id.* at 20.)

Plaintiff returned to the Behavioral Health Center twice in the following month, complaining that her medication was not working. (*Id.* at 204-05.) She was again instructed to make an appointment with a therapist. (*Id.* at 207.) Plaintiff was evaluated again in January 2003 and January 2004 (*id.* at 208-11), and had medication checks in March 2003, December 2003 and April 2004. (*Id.* at 203-04.)

As the Commissioner correctly points out, Plaintiff's last mental health evaluation in January 2004 revealed that although Plaintiff had a depressed mood and affect with slowed thought processes and associations, she had normal orientation, concentration and language, a fair fund of knowledge, fair judgment, and normal memory and speech. (*Id.* at 211.) Treatment notes reflect that Plaintiff then had Medicaid and could afford further treatment (*id.*), but other than one medication check on April 2004, Plaintiff sought no further treatment with mental health professionals.[3] (*Id.* at 20.) The ALJ did consider that Plaintiff complained of depression to her primary care providers in November 2004, at which time she was prescribed Wellbutrin, and that the following month she reported that the medication was working well and she felt a lot better.[4] (*Id.*) The ALJ also considered that Plaintiff claimed during the May 2005 hearing that there were additional mental health treatment records, but that the records were never submitted. (*Id.* at 20.)

Plaintiff also argues that the ALJ's finding that Plaintiff can perform light, unskilled work with an at-will sit/stand option conflicts with the Appeals Council's remand order. (Pleading No. 11 at 7.) The Court again notes its limited scope of review and that the issue of whether the ALJ complied with specific provisions of the Appeals Council's remand order

---

[3] The unexplained inconsistency between Plaintiff's characterization of the severity of her mental impairments and the treatment she sought to alleviate her condition is highly probative of her credibility. *Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994)(Luttig, J., concurring)(citations omitted).

[4] There is no further record of any mental health complaints until March 2005, at which time her primary care providers changed her medication. (*Id.* at 270.)

-9-

is beyond its scope of review. However, the Court will address Plaintiff's apparent argument that the finding fails to comply with Social Security Rule 83-12, *Titles II and XVI: Capability to do Other Work-The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work* ("SSR 83-12). SSR 83-12 states that, "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." This is precisely what the ALJ did. In the June 2005 decision, the ALJ specified that Plaintiff required an option to sit or stand at-will, and included that limitation in his hypothetical questions to the VE. In response, the VE testified that there was work existing in significant numbers in the regional economy that an individual with Plaintiff's limitations, including an at-will sit/stand option, could perform. (Tr. at 23, 353.)

Finally, Plaintiff contends that the ALJ did not appropriately consider the effect of Plaintiff's morbid obesity upon her residual functional capacity. The Court disagrees. Social Security Rule 02-1p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity* ("SSR 02-1p"), directs that obesity will be found to be a severe impairment when, alone or in combination with other impairments, it significantly limits an individual's physical or mental ability to do basic work activity. SSR 02-1p also requires the ALJ to consider obesity in assessing Plaintiff's residual functional capacity.

-10-

In this matter, the ALJ found that Plaintiff's lumbar degenerative disk disease, morbid obesity and anxiety/depression are impairments that are severe within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. at 21.) In finding that these impairments, specifically including Plaintiff's obesity, are severe, the ALJ by necessity considered the limitations arising from and secondary to obesity. The ALJ specifically stated that the exertional and postural restrictions in Plaintiff's residual functional capacity "are to compensate for [Plaintiff's] morbid obesity, lower back pain, lower extremities swelling, and history of left foot fracture." (*Id.* at 23.) Accordingly, the ALJ sufficiently considered Plaintiff's obesity in combination with other limitations in determining Plaintiff's residual functional capacity.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Pleading No. 10) be denied, that the Commissioner's motion for judgment on the pleadings (Pleading No. 12) be granted, and that the decision of the Commissioner be affirmed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 5, 2008